IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH D. LINSON,

      Plaintiff,                    No. 2:12-cv-2303 EFB P

    vs.

HOFFMEISTER, et al.,

      Defendants.          <u>ORDER</u>

                               /

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## I. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

Here, the complaint identifies the following defendants: Deputy Hoffmeister, Deputy Kent, and the County of El Dorado. Dckt. No. 1. It alleges that on October 20, 2011, defendant Hoffmeister released plaintiff to his housing unit. Plaintiff claims he was subsequently attacked by inmate Walker, that he was forced to defend himself, and that he was then tased by defendant Hoffmeister. According to plaintiff, defendant Hoffmeister subsequently apologized to plaintiff for not double-checking to make sure it was clear to release plaintiff to his housing unit, and also explained that he had tried to tase plaintiff and inmate Walker at the same time. Defendant Kent also allegedly apologized to plaintiff, explaining that he "thought it was clear." Exhibits to the complaint show that plaintiff lost privileges as a result of the incident, but was not disciplined. Plaintiff alleges that he was seriously injured because of the incident and that he did not receive adequate medical care. Lisa Issacson allegedly provided an inaccurate response to plaintiff's grievances about the lack of medical care. Plaintiff summarizes his claims as follows:

> The county of El Dorado violated my 8th & 14th amendment rights of due process. Deputy Hoffmeister, deputy Kent showed deliberate indifference. They both violated my 8th & 14th amendment due process rights. Mrs. McMillan violated my 5th & 6th falsified reports. Also Lisa Isaacson (Nurse) falsified documents violated my 5th & 6th amendment rights of due process. My 8th amendment was violated by failing to contact medical staff of my injuries which resulted in cruel and unusual punishment. Irreparable harm continues with medical deficiencies. Such as broken bent fingers, spots in right eye, blurred vision, chest pain, and back and neck injuries.

Compl., Dckt. No. 1, § 27. Plaintiff purports to assert claims against individuals who are not identified as defendants. If plaintiff intends to assert claims against defendants in addition to Deputy Hoffmeister, Deputy Kent, and the County of El Dorado, he must identify them as such in the caption of the complaint. *See* Fed. R. Civ. P. 10(a).

Having reviewed the complaint pursuant to § 1915A, the court finds that the allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which

defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

Plaintiff is hereby informed of the following legal standards that may be applicable to his intended claims for relief:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing 436 U.S. at 690-94). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the

theory that the relevant practice is so widespread as to have the force of law." *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997). A local governmental entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)); *see also Monell*, 436 U.S. at 690-91. The custom or policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

5

*also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981.

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

////

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption

including the names of all defendants.  Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in dismissal of this action.

Dated:  March 5, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE